UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WARD FRANCIS WEAVER, JR. | ) | Case No. CIV. F-02-5583 AWI |
| | ) | |
| Petitioner, | ) | <u>DEATH</u> <u>PENALTY</u> <u>CASE</u> |
| | ) | |
| vs. | ) | SUPPLEMENTAL ORDER RE: QUARTERLY STATUS REPORTS |
| | ) | |
| Jill L. Brown, as Warden of San Quentin State Prison,* | ) | |
| | ) | |
| Respondent. | ) | |

By order entered March 16, 2004, this Court directed Petitioner Ward Francis Weaver, Jr. ("Weaver") to file quarterly status reports advising the Court of the progress of state proceedings while his federal petition is held in abeyance. Weaver was directed to file the first quarterly status report within 10 court days of the filing of the March 16, 2004 order, that is March 30, 2004.

Weaver timely filed his first status report on March 30, 2004 advising the Court that he filed his state post-conviction petition in state court on May 3, 2003,[1] that he filed a motion for post-conviction discovery pursuant to Penal Code § 1054.9 on August 1,

---

[1] According to the Supreme Court docket and other pleadings before this Court as well, the Court understands that the state petition actually was filed on May 6, 2003.

* Jill L. Brown is substituted for her predecessor, Thomas Goughenour as Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

2003, that the Warden filed an opposition to this motion on September 12, 2003, and that Weaver filed a reply to the Warden's opposition on October 10, 2003.[2]  In Weaver's second status report, filed May 28, 2004,[3] he advised the Court that the California Supreme Court denied his discovery motion without prejudice on April 14, 2004 to filing or refiling the motion in the Kern County Superior Court.

Weaver's third status report, filed July 30, 2004, his fourth report, filed January 24, 2005, his fifth report, filed April 1, 2005, and second fifth report filed, May 23, 2005 are all identical.  They report: "Since the last status report, no further proceedings have taken place."

Based on the fact that Weaver has not informed the Court of any follow up on the invitation of the California Supreme Court to file or refile his discovery motion in the Kern County Superior Court, the Court is concerned that he is not actively pursuing his claims in the state exhaustion petition.  To the extent Weaver wishes to conduct post-conviction discovery in state court, he either has not availed himself to the procedures adopted for that purpose or he has not advised this Court of the progress of those proceedings.

In light of the foregoing, Weaver is directed to file a status report regarding all proceedings in state court, including discovery proceedings in the superior court, within five court days of the entry of this order, that is June 1, 2005.  That status report will be entitled "Sixth Status Report."  Thereafter, every three months, on

---

[2] The Supreme Court docket indicates that Weaver's reply was filed on October 14, 2003.

[3] Based on the directive that Weaver file quarterly status reports, the May 28, 2004 report was a month early.

the first day of the month (the second, third, or fourth day if the first day falls on a holiday, a weekend, or a holiday weekend), Weaver shall file regular quarterly status reports giving a full report of state proceedings.

IT IS SO ORDERED.

Dated:   May 25, 2005                      /s/ Anthony W. Ishii
c508d4                                  UNITED STATES DISTRICT JUDGE