IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARD FRANCIS WEAVER,<br><br>        Petitioner,<br><br>  vs.<br><br>Vincent Cullen, as Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:02-cv-05583-AWI<br><br>DEATH PENALTY CASE<br><br>ORDER INITIATING PHASE III BUDGET AND SETTING CMC<br><br>DATE: June 14, 2010<br>TIME: 3:00 p.m.<br>Courtroom Two |

      On May 24, 2010, Petitioner Ward Francis Weaver ("Weaver") and Respondent Vincent Cullen as Warden of San Quentin State Prison (the "Warden"), filed a joint statement regarding the exhaustion status and timeliness of Weaver's September 1, 2009 Amended Petition (the "Petition"). The parties agree that all claims presented in the Petition were properly exhausted except for a subclaim in Claim 7, as to which the Warden expressly waives the exhaustion requirement under 28 U.S.C. § 2254(b)(3). The parties further agree that the Petition was timely under § 2254(d)(1).

      Exhaustion and limitations issues having been resolved, Phase II of this litigation closes and the case moves into Phase III, which consists of briefing and motions for further evidentiary development. Customarily, at this stage of the litigation, the Court would direct Weaver to file a comprehensive opening brief in support of the Petition. Weaver's brief would be followed by a comprehensive brief filed by the Warden in opposition to the Petition. The opposition brief, in turn, would be followed by a closing brief in which Weaver would respond to arguments made by the Warden not addressed in the opening brief. Weaver's Petition is 441 pages long and consists of 34 individual claims, many with multiple subclaims. The Petition does not include legal arguments. Were the Court to adhere to the

customary practice for managing Phase III of the litigation, briefing of the Petition, from opening to opposition to closing, likely would require a full 18 months to complete.  This process would then be followed by separate, although much shorter briefing for further evidentiary development.  Weaver would be directed to identify the claims for which further evidentiary development is requested, an offer of proof as to the evidence he believes he would be able to obtain, and an explanation satisfying § 2254(e)(2) that he did not fail to develop the factual basis for his claims in state court.  This process likely would require another six months to complete from opening to opposition to reply.  To expedite possible resolution of this case, the Court intends to separate the evaluation of certain claims in the Petition and then direct the parties to engage in unitary merits and evidentiary development briefing for those discrete claims

In Claims 1 and 2, Weaver describes deprivation of counsel due to illness of his lead trial attorney and conflict of interest of both lead and second counsel.  Lead counsel, the late David Huffman, is alleged to have been severely incapacitated by PTSD (from his service in Vietnam) as well as alcoholism from the time of his appointment on August 12, 1982, until the conclusion of the trial on March 7, 1985.  Mr. Huffman was hospitalized on multiple occasions during his representation of Weaver for alcohol detoxification, including in February 1985, during the sanity phase and continuing throughout the penalty phase.  The fact that second counsel, Donnalee Huffman, remained present during trial proceedings is alleged not to have cured the deprivation of effective representation occasioned by Mr. Huffman's absence.

Donnalee Huffman (then Donnalee Mendez), was appointed as second counsel on June 8, 1983. Weaver alleges the fact that Mr. Huffman and Ms. Mendez were engaged to be married was not disclosed, yet, in three months from Ms. Mendez's appointment, she and Mr. Huffman were married.[1] Ms. Mendez thereafter assumed her husband's last name.  During the couple's honeymoon in November 1983, Mr. Huffman was hospitalized for alcohol related illness on three different occasions in three different states.  Upon the Huffmans' return to Kern County, he was hospitalized again.  Throughout pre-trial and trial proceedings, Mrs. Huffman misrepresented the reasons for her husband's many absences

---

[1] Weaver alleges the Huffmans were married on September 15, 1983.

to the trial judge, to the prosecutor, and to Weaver. Weaver alleges she and Mr. Huffman had conflicted loyalties between providing competent representation to Weaver and protecting Mr. Huffman's reputation as well as preserving both of their financial interests.

The parties are directed to brief Weaver's allegations of deprivation of counsel, especially as they appear in Claims 1 and 2 of the Petition. This issue does not require a prejudice component as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), since Weaver alleges a complete denial of counsel at critical stages of his trial and his attorneys' failure to subject the prosecution case to meaningful adversarial testing under *Cronic v. United States*, 466 U.S. 648, 659 (1984). *See also Holloway v. Arkansas*, 435 U.S. 475, 488 (1978). With respect to the alleged conflict of interest of Weaver's attorneys, since no objection was raised a trial, Weaver must demonstrate that the conflict of interest attributable to both trail attorneys, but particularly to Mrs. Huffman, adversely affected their legal performance.[2] *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

In addition to the merits of the claims, the parties are directed to address the Warden affirmative defense that Claim 1 is barred by *Teague v. Lane*, 489 U.S. 288 (1989). Finally, Weaver is directed to combine his merits brief with a request for further evidentiary development. Although the Court anticipates the request for further evidentiary development will be an evidentiary hearing under Rule 8 of the Rules Governing § 2254 Cases, discovery under Rule 6 and record expansion under Rule 7 also may be presented. Weaver's request for further evidentiary development shall include an offer of proof (or in the case of discovery, identity of the evidence to be adduced) as well as an explanation satisfying § 2254(e)(2). The Court anticipates that Weaver will be able to file his opening brief within 60 to 90 days, that the Warden can file a response in 45 to 60 days, and that Weaver will be able to file a reply within 30 days from the Warden's opposition.

The Court has set a Phase III case management conference, to be conducted telephonically, on June 14, 2010, at 3:00 p.m., with Weaver's counsel assuming the responsibility for arranging and initiating the call. If the parties agree, the Court does not object to the appearance of the Warden's counsel, since the Deputy Attorney General assigned to this case maintains his office in Fresno. At the

---

[2] The Court recognizes that Weaver would not have known about the conflict of interest because of Mrs. Huffman's omissions and misrepresentations.

case management conference, the parties will discuss the proposed briefing schedule for the approach to resolving this case described in this order. In addition, no later than Thursday, June 10, 2010, Weaver, through his counsel, shall file under seal a proposed budget for the work described in this order. Unless the parties alert the Court of the necessity to advance or pursue the development other claims in the Petition, no further work will be authorized or budgeted until the Court reaches a resolution as to Claims 1 and 2.

IT IS SO ORDERED.

DATE:    June 1, 2010                              /s/ Anthony W. Ishii
                                                    Anthony W. Ishii
                                                   United States District Judge