# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARD FRANCIS WEAVER, JR., | Case No. 1:02-cv-05583-AWI-SAB |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | ORDER WITHDRAWING COUNSEL AND APPOINTING NEW COUNSEL AND SETTING TELEPHONIC PHASE III CASE MANAGEMENT CONFERENCE |
| KEVIN CHAPPELL, AS WARDEN OF SAN QUENTIN CALIFORNIA STATE PRISON, | |
| Respondent. | DATE: September 3, 2014<br>TIME: 10:00 a.m.<br>COURTROOM 9 |

On June 30, 2014, the Court issued an order allowing counsel Michael Laurence and the Habeas Corpus Resource Center ("HCRC") to withdraw as counsel for Petitioner Ward Francis Weaver. In the same order, the Court referred the matter to the Selection Board for the Eastern District of California for a recommendation that Timothy J. Foley be appointed as new counsel in this action. On July 30, 2014, the Selection Board transmitted a letter to the Court recommending the appointment of Mr. Foley as co-counsel to work with current counsel, Karen Schryver. The Court accepts the recommendation and hereby appoints Mr. Foley to the case as co-counsel and Karen Schryver as lead counsel. Mr. Laurence and the HCRC are hereby withdrawn as counsel in this action.

1

1   On March 24, 2014, District Judge Anthony Ishii filed an order addressing Petitioner's claims of ineffective assistance of counsel and juror misconduct. Judge Ishii denied Petitioners claims of ineffective assistance of counsel due to deficient performance during the sanity and penalty phases of the trial (Claim One) and due to conflicts of interest (Claim Two) on the merits. (Memorandum Order 96, 104, ECF No. 162.) However, Judge Ishii identified several strategies employed by Petitioner's trial counsel, Donnalee Huffman, that were found to be questionable. (Id. at 116.) The Court ordered the Respondent to brief whether the deficiencies rose to the level of ineffective assistance of counsel, and to address whether the trial court's directive that the jury not consider the guilt phase evidence during the sanity phase deliberations was required or discretionary under California law. The order provided that Petitioner would then be required to explain how he would be able to establish previously uncorroborated facts and consequently prejudice for the incompetent representation he received from his trial attorneys. Respondent's points and authorities were filed on July 1, 2014.

Accordingly, a Case Management Conference will be held on Wednesday, September 3, 2014, at 10:00 a.m. in Courtroom Number 9 before United States Magistrate Judge Stanley A. Boone to address the time for Petitioner to file his brief addressing the ability to show a factual foundation and prejudice due to the alleged ineffective assistance claims identified in the March 24, 2014 order. All counsel shall participate in the case management portion of the call.

Following the Case Management Conference, the Court will conduct an ex-parte hearing on amending the Phase III budget due to the appointment of Mr. Foley as co-counsel in this action. Petitioner's proposed budget and budget application shall be filed with the Court at least one calendar week prior to the Case Management Conference. The proposed budget and budget application shall be filed under seal and sent to ApprovedSealed@caed.uscourts.gov for filing. This order will constitute the sealing order pursuant to L.R. 141 for that application and counsel shall reference this order in the email along with the application for proposed budget.

Please notify the Courtroom Deputy Clerk, Mamie Hernandez, if one or more attorneys will be appearing telephonically at the Case Management Conference, so that a notation can be

///

1  placed on the court calendar. The Courtroom Deputy Clerk will provide counsel with the toll-
2  free teleconference number of (877) 336-1280 and the teleconference code for the call.

IT IS SO ORDERED.

Dated: **July 30, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

3